UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY THAO, <br><br> Petitioner, <br><br> v. <br><br> DEBORAH K. JOHNSON, <br><br> Respondent. | No. 2:16-cv-00380 WBS GGH P <br><br><br> FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

    Petitioner pled guilty to first degree felony murder in 2007 and was sentenced in that year as well. It is undisputed that her conviction was final for AEDPA purposes on June 8, 2008. The federal petition at issue was filed in February 2016. It would be the rare case in which the AEDPA statute of limitations would not require that the petition be dismissed. Although there are a few twists here to the ordinary AEDPA limitations analysis, including what specific subsection for the commencement of the AEDPA limitations applies, or whether a claim for actual innocence obviates the AEDPA limitations preclusions altogether, this ultimately is not one of those rare cases. Drilling down through the layers of tolling analysis set forth in the Motion to Dismiss, petitioner ultimately asserts that the claims brought in her federal petition demonstrate that she was actually innocent of the first degree murder to which she pled guilty, because the law

of California pertinent to those claims changed making her substantively innocent. However, to pass through the actual innocence gateway for AEDPA limitations purposes, petitioner must demonstrate a strong showing of actual innocence. Because she is incorrect on the state law on which she bases her argument, the petition should be dismissed as having been filed beyond any permissible time period.

*28 U.S.C. Section 2244(d)(1)(A) Analysis*

Most AEDPA limitations issues commence with a discussion of this section (1 year limitation period from date of finality of conviction). Respondent has set forth the entire history of plaintiff's direct and habeas review (9 petitions) in state courts with a thorough review of possible tolling provisions. It serves no purpose to repeat, or simply retype here, that clear, concise, complete and correct analysis. Motion to Dismiss, ECF No. 11 at pp 2-10. Suffice it to say that at the end of the day, petitioner's federal petition was filed over six years past the expiration of the one year limitations period.

Moreover, petitioner does not disagree whatsoever with the nuts and bolts of the analysis; she tacitly concedes that on the face of it, the limitations period expired. See Opposition, ECF No. 15. Nor does she argue any reason for equitable tolling (impediment to filing external to petitioner's diligent efforts) except as it inferentially has to do with actual innocence—discussed below. To overcome these problems, she first erroneously asks this court to apply a "cause and prejudice" analysis, appropriate as if the issue here were procedural default of an independent and adequate state law bar, but it is not.[1] There is no cause and prejudice analysis applicable to AEDPA limitations issues except to the extent those concepts have been incorporated into federal equitable tolling law. Moreover, there were no external impediments imposed on plaintiff to

////

---

[1] Petitioner interprets the Motion to Dismiss based on untimeliness as being based upon state law on the timely filing of petitions in state court. However, it is the *federal* limitations statute for the filing of *federal* habeas petitions which is at issue here. Title 28 U.S.C. section 2244. The denial of state petitions based on untimeliness and successiveness under state law plays a role in the tolling analysis for the federal statute, section 2244(d)(2), i.e., whether such state petitions would be considered "properly filed" for purposes of federal tolling analysis, but it is not state law which ultimately governs whether the federal petition was timely filed.

filing a federal habeas corpus petition, and she does not argue any; indeed, she filed *nine* habeas petitions in the state courts throughout the years.

What are left of petitioner's possible arguments to avoid the AEDPA limitations expiration are discussed in the next section.

***The Remainder of The AEDPA Limitations Sections and Actual Innocence.***

A quick review of the claims in the petition is necessary to discuss the remaining possible bases petitioner may have for a timely petition. The petition, filed February 22, 2016 contains two claims: (1) People v. Chiu, 59 Cal. 4th 155 (2014) (aider and abettor cannot be found guilty of first degree murder under the "natural and probable consequence" theory) must have its holding applied to petitioner's case final in 2008; (2) People v. Banks, 61 Cal. 4th 788 (2015) (*special circumstance* felony murder may not attach to a defendant in the underlying felony, e.g., robbery, unless the defendant was a "major participant" in the underlying felony. Petitioner asserts that these cases render her first degree murder conviction invalid. These cases, of course, post-dated petitioner's conviction herein, and were not claims in petitioner's direct review or earliest habeas petitions.

On the face of it, petitioner might argue that section 2244(d)(1)(C) applies—one year limitations period commences upon constitutional right recognized retroactive to cases on collateral review by the Supreme Court. However, as pointed out by respondent, the "Supreme Court" referenced is the United States Supreme Court and not the supreme court of the individual states.

Next, petitioner might argue that section 2244(d)(1)(D) applies which commences the one year limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence." If the "factual predicate" were the date of issuance of these fairly recent state court decisions, the petition might be timely. However, the Ninth Circuit has held that the "factual predicate" only applies to the facts of a substantive claim, e.g., date of revelation of Brady violations, not the date a substantive right became legally recognized in another case. Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005). See also Torres v. Johnson, 2015 WL 5025524 (C.D. Cal. 2015).

Finally, "actual innocence" is an exception to all section 2244(d) provisions under which a claim would otherwise be barred because of untimeliness. McQuiggin v. Perkins, __U.S._, 133 S.Ct. 1924 (2013). That is, a credible actual innocence claim is not barred because of untimeliness. And, a change in the law subsequent to one's conviction rendering the entirety of a conviction, or an aspect of the conviction, non-actionable is a claim of actual innocence. Vosgien v. Persson, 742 F.3d 1131, 1134-35 (9th Cir. 2014). See also Miller v. Arnold, 2016 WL 1068381 (C.D. Cal 2016). If a change in California law was in fact applicable to the substance of petitioner's conviction, her federal petition could not be barred by section 2244.

But, neither Chiu nor Banks apply to petitioner's conviction. Although the abstract of judgment simply provides that petitioner was adjudged guilty of first degree murder, ECF No. 12, respondent has set forth the factual findings of the Superior Court that petitioner pled to-- *non-special circumstance* felony murder, and was sentenced thereon.

> [P]etitioner was not convicted of first degree murder based solely on the natural and probable consequences doctrine. Rather, petitioner pleaded no contest to a charge of first degree felony murder. The record reflects that at the outset of the change of plea hearing held on February 1, 2007, the prosecutor stated that petitioner's "plea to first degree murder that was committed in the course of robbery is appropriate," and that due to petitioner's age and lack of prior criminal record that dismissal of the special circumstance would be appropriate so as to render her eligible for parole. Petitioner's counsel then informed the court that "it's the felony murder rule," that he had "gone over it numerous times" and "had another judge explain the felony murder rule" to petitioner; that he had actually sat down with the jury instructions and "gone over how an attempted robbery would lead to a murder charge with life without possibility of parole"; and that he had read cases to petitioner "as to how the law applies and how it basically came from common law and [he could not] break it in the California system." The prosecutor then stated the factual basis of the plea, which was that petitioner and her codefendants went to a motel with a plan to commit a robbery, that the codefendants demanded a wallet from the intended victim, that the victim said he did not have a wallet, that a codefendant then shot the victim, killing him, that petitioner had been the driver to and from the motel and had discussed the robbery plan with the codefendants before coming to the motel; in addition, it was stated she had given a revolver to a codefendant who used it during the commission of the attempted robbery. There was no objection to the recitation of the factual basis of the plea, and petitioner thereafter pleaded no contest to the murder. Clearly,

>petitioner understood that she was being prosecuted on a felony-murder theory; at no point in time did either counsel, the prosecutor, or the court make mention of the natural and probable consequences doctrine. Therefore, even if Chiu were found to apply retroactively to cases already final, such as petitioner's, petition would not be entitled to any relief based on that decision because the natural and probable consequences doctrine was not the basis for her murder conviction.

ECF No. 12, Lodged Doc 14; see also Lodged Doc 19.

Findings of fact by the state courts carry a presumption of correctness, even when the factual issue relates to procedural matters (here the murder to which petitioner pled.) Wainwright v. Sykes, 469 U.S. 412, 428-429 (1985). Moreover, although petitioner *alleges* that the natural and probable consequence doctrine was a part of her plea, petitioner does not demonstrate through record evidence this specific basis for her conviction.[2] Accordingly, actual innocence cannot be a basis herein upon which to find that section 2244(d)(1), the AEDPA limitations statute, does not apply.

*Conclusion*

Petitioner's federal petition, filed February 22, 2016 is untimely, and the petition should be dismissed on that basis.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

---

[2] Although aiding and abetting can be a concept in felony murder where a co-participant in a robbery or burglary etc. commits the actual killing, see bracketed alternative in CALCRIM 540B, it is not a required basis for conviction on felony murder. People v. Cavitt, 33 Cal 4th 187, 197-199 (2004). In any event, the potential for aiding and abetting in a felony murder conviction is not based on the aider and abettor committing actions with the natural and probable consequence of murder, which was, until Chiu, a theory of conviction for aider and abettor first degree murder unto itself. Felony murder was expressly held outside the ambit of its ruling. Chiu at 166.

Case 2:16-cv-00380-WBS-GGH   Document 20   Filed 02/13/17   Page 6 of 6

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: February 10, 2017

<pre>                                        /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE</pre>

6